UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **DARREL TREMAINE CARTER** | **CIVIL ACTION NO. 2:10-cv-1131** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TRIMBLE** |
| **DON DIXON, ET AL** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Darrel Tremaine Carter, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on January 2, 2010. At the time of filing, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and was incarcerated at Calcasieu Correctional Center (CCC), Lake Charles, Louisiana. However, information on the vine link website confirms that petitioner was paroled from CCC on May 9, 2011. *See* Vine Link (June 14, 2010), http://www.vinelink.com.

Plaintiff names the following as defendants herein: Lake Charles Officers Mark Krauss, Cathy Thompson, and two unknown arresting officers; Lake Charles Chief of Police Don Dixon; CCC Warden Nugent; Probation Officers Roland Dudley and Elizabeth Montgomery; Judges Canaday (spelled by petitioner as "Cannady" and David Ritchie; Prosecutor David Palay; Public Defender Andrew Cassanave; City of Lake Charles Police Department; Calcasieu Parish; City of Lake Charles; and, Fuseliers Bail Bonds.

This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED IN PART AND STAYED IN PART** pending the outcome of the on-going criminal prosecution.

## *Statement of the Case*

Based on the documents filed by plaintiff in this case as well as other cases [1], it appears that on or about September 25, 2007, he plead no contest to a DWI charge and was sentenced to probation for five years.  On September 9, 2009, plaintiff was stopped for improper lane usage.  Plaintiff states that he felt that he was being harassed for prior complaints that he filed against the Lake Charles Police Department.  He claims was arrested for a third DWI.

Six days later plaintiff was ticketed for running a red light and failure to use a turn signal.  Plaintiff states that he passed a field sobriety test and was told that he could leave.  Then Officers Krauss and Thompson arrived on the scene.  Krauss told plaintiff that he had to take a breathalyzer test. Plaintiff refused and was told that he was being arrested for a fourth DWI.  He was taken to jail and spent five days there.  He bonded out in order to attend a September 23, 2009, probation hearing concerning his first DWI.  Plaintiff claims that his breathalyser test in that instance was clean.

Plaintiff appeared in court which was presided over by Judge David Ritchie. Plaintiff's attorney (Andrew Cassanave) and his probation officer (Roland Dudley) were present.  David Palay was the prosecutor.  Plaintiff claims that instead of advocating for him, Cassanave and Dudley went along with the prosecution's arguments that he was accused of a fourth DWI.  Plaintiff refers to this as a betrayal.  Plaintiff was then placed into custody. At the time of filing,

---

[1]See, 09-571, Carter v. Mitch Sawyer, et al (U.S. District Court, Western District of Louisiana (Lake Charles)); and, 10-1296, Carter v. State of Louisiana  (U.S. District Court, Western District of Louisiana (Lake

plaintiff stated that he had a trial date for the second and third DWI's. Thereafter, on or about June 23, 2010, he was sentenced in the 14th Judicial District Court whereupon his parole was revoked. Plaintiff was paroled from CCC on May 9, 2011, and appears to reside in Missouri City, Texas.

As a result of the above, plaintiff seeks: all charges placed upon him in Calcasieu Parish expunged from his record; lost wages for the time that he missed from work while in jail; no further retaliation, intimidation, harassment or malice towards him by Calcasieu authorities, compensation for the damages, mental anguish and emotion distress caused by the Calcasieu authorities; and, no conviction on the third DWI for which he claims he is not guilty.

### *Law and Analysis*

1. *Screening*

Plaintiff has been allowed to proceed *in forma pauperis*. Federal Courts are required to screen complaints filed *in forma pauperis* and are authorized to dismiss such complaints without service of process or at any time when the Court determines that the complaint is frivolous, fails to state a claim for which relief may be granted, or seeks money damages from a defendant who is immune from suit.

Title 28 U.S.C. § 1915(e)(2)(B), which authorizes plaintiff to proceed *in forma pauperis* provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v.*

---

Charles)).

*Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

### 2. *Defendants/Improper Defendants*

For the reasons stated below, the court finds that only plaintiff's claims against defendants Mark Krauss, Cathy Thompson, and the two unnamed arresting officers survive initial review.

Plaintiff has named a number of defendants that are not proper parties to this suit. Plaintiff's claims against these parties should be dismissed as follows:

#### a. **Calcasieu Parish and the City of Lake Charles**

The parochial governing authority may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); Evett v. DETNTFF, 330 F.3d 681, 689 (5th Cir.2003). Local governing authorities can be found liable pursuant to 42 U.S.C. § 1983, only where the governing authority itself causes the constitutional violation at issue, for example, by establishing an unconstitutional policy or custom. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To recover under these circumstances, a plaintiff must demonstrate "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or *custom*)." *Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir.2002) (*citing *Piotrowski v. City of*

*Houston*, 237 F.3d 567, 578 (5th Cir.2001)).

Plaintiff 's complaint fails to allege such a violation against Calcasieu Parish and the City of Lake Charles, and his claims against said defendants should be dismissed.

### b. Lake Charles Police Department

Plaintiff has named the Lake Charles Police Department as a party in this lawsuit. The Police Department is not a legal entity that can sue or be sued. Rule 17(b) of the Federal Rules of Procedure provides that the capacity to sue or be sued is determined by "the law of the state where the court is located."

The Louisiana Supreme Court has stated that the determination of whether an entity has legal capacity "will depend on an analysis of specifically what the entity is legally empowered to do." *Roberts v. Sewerage & Water Bd. Of New Orleans*, 634 So.2d 341, 347 (1994). The court must determine whether the Police Department can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. *Id.* The Police Department is merely a department within the City of Lake Charles.

The Police Department is not a legal entity and lacks the capacity to sue or be sued as required by Federal Rule of Civil Procedure 17(b). Accordingly, the Police Department should be dismissed from the suit.

### c. Attorney Andrew Cassanave

Further, plaintiff's claims against his attorney, Andrew Cassanave, must fail.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis supplied); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). Attorneys,

including public defenders, do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding. *Polk County v. Dodson* 454 U.S. 312, 325 (1981); *see also*, *Mills v. Criminal Dist. Court #3*, 837 F.2d 667, 679 (5th Cir. 1988) (citing *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972).

Plaintiff's attorney did not act under color of state law when he represented plaintiff in his criminal case.

### d.     Prosecutor David Palay

Likewise, plaintiff's claims against DA David Palay must fail as such individuals enjoy an absolute immunity from suit.

"Absolute immunity applies to activities, not offices." *Bryan v. City of Madison, Mississippi*, 213 F.3d 267, 271 (5th Cir.2000).   Prosecutors enjoy absolute immunity for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409 (1976). The prosecutor is immune from civil suit "in initiating a prosecution and in presenting the State's case." *Id.* "A prosecutor's absolute immunity will not be stripped because of an action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir.1999) (internal quotation and citation omitted).

Plaintiff's claims against the DA herein clearly revolve around the prosecution of the claims against plaintiff, which conduct is precisely the type of action protected by the absolute immunity umbrella afforded prosecutors. *See Imbler*, at 431.

### e.     Judges Canaday and Ritchie

Plaintiff's claims against Judges Canaday and David Ritchie are barred by immunity.

Judges have absolute immunity for acts done within the scope of their jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction:  "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge."  *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986).  These factors are construed liberally in favor of immunity.  *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985).

Even liberally construing plaintiff's complaint, none of plaintiff's allegations demonstrate that any of the judge's actions occurred outside of their chambers or the court, or that the actions did not arise out of the performance of their judicial duties.  Thus, according to *Eitel*, the judges' actions were within their jurisdiction and they enjoy absolute immunity from plaintiff's claims.  Plaintiff's claim for damages against Judges Cannady and Ritchie must be dismissed pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

    **f.**    **Police Chief  Don Dixon and Warden Nugent**

Plaintiff names Police Chief Don Dixon and Warden Nugent as defendants.  To the extent that he names these defendants in a supervisory capacity, such claim is not cognizable as it is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*.  *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951(1993); *Jennings v. Joshua Indep. Sch. Dist.*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935 (1990).  To be liable under § 198, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.  *Cronn v.  Buffington*, 150 F.3d 538, 544 (5th Cir.  1998).

Here plaintiff fails to set forth a constitutional claim against these parties. There are no allegations that they were personally implicated in any alleged constitutional deprivation or that they implemented any policy which acts as a constitutional deprivation. These claims should be dismissed for failure to state a claim upon which relief may be granted.

### g. **Fuseliers Bail Bonds**

"[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis supplied); *see also Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) ("In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law).

In order to prove the deprivation of a right protected by Constitution, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties, and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944)(plurality opinion).

In the present case, Fuseliers Bail Bonds is certainly not a "state actor" as defined above. Consequently, plaintiff's claims against them lack an arguable basis in law and are frivolous.

*Neitzke v. Williams*, 490 U.S. 319 (1989).

### h.     **Probation Officers Roland Dudley and Elizabeth Montgomery**

Plaintiff fails to state a claim upon which relief can be granted against defendants Dudley and Montgomery as both are protected from liability by the doctrine of qualified immunity. *Galvan v. Garmon*, 710 F.2d 214 (5th Cir.1983); *Lucas v. Parish of Jefferson*, 999 F.Supp. 839, 844-45 (E.D.La.1998). The Supreme Court has held that "objective reasonableness of an official's conduct, as measured by reference to clearly established law" determines whether an official is protected by qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In this case, plaintiff questions Dudley's recommendations to the court. In regard to defendant Montgomery, he simply states that she was his parole officer prior to Dudley. No other wrongful or unreasonable action is alleged.

From plaintiff's allegations, it "is not sufficiently clear that a reasonable official" would understand that they violated any of plaintiff's constitutional rights in taking such an action. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Plaintiff cannot establish that defendants Dudley and Montgomery acted in an objectively unreasonable manner in violation of his constitutional rights, and therefore defendant's qualified immunity renders plaintiff's claim against them baseless and should be dismissed.

### 3.   *False Arrest, False Imprisonment and Heck v. Humphrey*

Plaintiff basically implies that he was falsely arrested and that he was falsely imprisoned. Thus, he contests his arrest, prosecution, detention, and any possible future detention. As to the claims made the basis of the present suit, it further appears that the complained of prosecution is on-going.

If plaintiff is ultimately convicted of the now pending charges, he may not be entitled to

seek damages for the wrongful arrest, detention, and prosecution until such time as the conviction in question has been declared invalid. See *Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254 ... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

In essence, *Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions. In the present case, the criminal prosecution remains pending. *See Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended"). Thus, it is recommended that the portion of plaintiff's complaint dealing with his arrest, prosecution, and imprisonment be STAYED.

*Conclusion and Recommendation*

Based on the foregoing, **IT IS RECOMMENDED THAT** plaintiff's claims against defendants Dixon, Nugent, Fuseliers Bail Bonds, Dudley, Montgomery, Canaday, Ritchie, Cassanave, Palay, Lake Charles Police Department, City of Lake Charles, and Calcasieu Parish be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted and for seeking monetary relief against a defendant who is immune from suit;

**IT IS ALSO RECOMMENDED THAT**, as to plaintiff's claims against the remaining defendants, this action be **STAYED.**  Assuming this recommendation is adopted, we further recommend that plaintiff be ordered to file to lift this stay within thirty (30) days of the date the criminal proceedings against him have finally concluded.  Finally we would recommend that this matter should be considered abandoned by plaintiff if he fails to file a motion to lift this stay within the delay provided.

Assuming the court adopts the recommendation that the matter be stayed, it is further recommended that plaintiff be ordered to not file additional documents in this action until the state court proceedings have concluded.

**IT IS FURTHER RECOMMENDED** that all other portions of plaintiff's civil rights complaint, be **DISMISSED WITH PREJUDICE** as frivolous or for failing to state a claim for which relief may be granted.[2]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond

---

[2] The court notes that plaintiff attempts to bring claims on behalf other individuals.  While the plaintiff has a right to proceed *pro se* with his civil rights action according to 28 U.S.C.§ 1654, as a non-attorney he is not

to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE this 12th day of July, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

permitted to represent the interests of others.