UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARREL T. CARTER** | * | **CIVIL ACTION NO. 10-CV-1131** |
| | * | |
| VS. | * | **SECTION P** |
| | * | |
| **DON DIXON, ET AL** | * | **JUDGE TRIMBLE** |
| | * | |
| | * | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Darrel T. Carter on July 2, 2010. Plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections and was housed in the Calcasieu Correction Center in Lake Charles, Louisiana at the time suit was filed. The Clerk of Court's office mailed documents to the Plaintiff on July 25, 2011, and December 30, 2011, to the last address supplied by the Plaintiff. The documents, however, were returned to the court with the notations "no longer here" (Doc. 10) and "return to sender" (Doc. 12), respectively.

A district court may dismiss an action if the plaintiff fails to prosecute the case. Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant." *McCullough v. Lynaugh*, 835 F.3d 1126 (5th Cir. 1988) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30.

Local Rule 41.3 of the United States District Court, Western District of Louisiana provides the following:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

More than thirty days have elapsed since the court's correspondence was returned.

Accordingly,

**IT IS RECOMMENDED** that the petition be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 30th day of October, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE